NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0507n.06

No. 24-5455

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 09, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| TANNER GARRISON, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: SUTTON, Chief Judge; MURPHY and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. While running from police officers, Tanner Garrison tossed a 9mm magazine and six rounds of 9mm ammunition from his pockets. He had previous convictions for felonies including kidnapping. A grand jury indicted him for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Garrison moved to dismiss the indictment, arguing § 922(g)(1) violates his Second Amendment rights. The district court denied his motion. As his appeal was pending, our court decided *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), which analyzed § 922(g)(1)'s constitutionality. It held that § 922(g)(1) is facially constitutional and does not violate the Second Amendment as applied to felons whose criminal history indicates dangerousness. Because Garrison's criminal history includes violent crimes, we affirm.

**BACKGROUND**

The night of October 1, 2022, police responded to "shots fired" outside a home in Dyersburg, Tennessee. Someone had shot at an empty pickup truck in the driveway, striking it four

times. A neighbor recounted seeing two men speed away in a gold or tan Nissan Altima. Police recovered 9mm shell casings and fragments near the truck.

A few hours later, an officer reported more shots fired in the same neighborhood. Police canvassed the area and encountered Tanner Garrison, who fled on foot. As he ran from them, Garrison emptied his pockets. Eventually, he surrendered. Officers then searched the path Garrison had run through and found a 9mm magazine, six rounds of 9mm ammunition, and keys to a black Nissan Altima. On August 14, 2023, a grand jury indicted Garrison for violating 18 U.S.C. § 922(g)(1), which bars felons from having firearms or ammunition.

Garrison has a lengthy criminal record. He has several prior felony convictions, including for kidnapping, being a violent felon in possession of a weapon, aggravated burglary, and theft. He's also been convicted of over a dozen other crimes like assault, drug possession, resisting arrest, and violating a restraining order. Some of his crimes involved violence. For example, in 2018 Garrison was convicted of kidnapping and assault after he held his girlfriend in his grandparents' home against her will for four hours, kneed her in the mouth, pulled her hair, and hit her, leaving bruises all over her body. Garrison also hit his grandfather in the head, breaking his orbital bone and fracturing other bones in his face. Likewise, some of Garrison's offenses involved weapons. In the incident that led to his felon-in-possession, aggravated burglary, and theft convictions in 2019, Garrison stole guns, ammunition, clothing, hunting gear, jewelry, and a utility vehicle from a home.

On February 9, 2024, Garrison pleaded guilty to violating § 922(g)(1). But he reserved his right to move to dismiss the indictment based on the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and to appeal an adverse ruling on that motion. Two months later, he moved to dismiss the indictment, arguing that § 922(g)(1) violates

the Second Amendment on its face and as applied to him. The district court denied his motion, and he appealed.

## ANALYSIS

Garrison argues that § 922(g)(1) violates the Second Amendment on its face and as applied to him. Because he challenges a statute's constitutionality, we review de novo. *United States v. Gailes*, 118 F.4th 822, 824 (6th Cir. 2024). During the pendency of Garrison's appeal, our court decided *Williams*, which addressed a violent criminal's facial and as-applied Second Amendment challenges to his § 922(g)(1) conviction. *See* 113 F.4th at 662–63. Applying *Williams* here, we conclude the district court properly denied Garrison's motion to dismiss.

*Williams* forecloses Garrison's facial challenge. A statute is unconstitutional on its face if "no set of circumstances exists under which [it] would be valid." *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (citation omitted). Yet in *Williams*, we noted that "most applications of § 922(g)(1) are constitutional." 113 F.4th at 657. And we held the statute constitutional as applied in that case. *Id.* at 662–63. Thus, as we did in *Williams*, we conclude that § 922(g)(1) "is not susceptible to a facial challenge." *Id.* at 657.

Garrison's as-applied challenge fails under *Williams* too. In *Williams*, the court held that § 922(g)(1) is constitutional "as applied to dangerous people." *Id.* at 662–63. To evaluate the defendant's dangerousness, *Williams* looked to his "entire criminal record," which in that case included convictions for attempted murder, armed robbery, and hiding a gun "used to murder a police officer." *Id.* Although it avoided using "bright categorical lines," the court made the "commonsense point" that "violent crimes" like the ones the defendant had committed provided "at least strong evidence" of dangerousness. *Id.* at 658, 660. Like the defendant in *Williams*, Garrison has committed violent and dangerous crimes. In one instance, he kidnapped his girlfriend,

beat her, and attacked his grandfather. In another, he stole firearms from someone's house. And, also like *Williams*, Garrison hasn't provided any evidence to show he isn't dangerous. *See id.* at 661–62 (noting that § 922(g)(1) defendants must have an opportunity to demonstrate that they are not dangerous). As a result, § 922(g)(1) is constitutional as applied to him.

## CONCLUSION

We affirm the district court's denial of Garrison's motion to dismiss the indictment.